# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| *In re:* )<br>)<br>BOULDER ENTERPRISES, LLC, )<br>EIN: 30-0852410, )<br>)<br>    *Debtor.* )<br>JOLI A. LOFSTEDT, Chapter 7 Trustee, )<br>)<br>    *Plaintiff,* )<br>vs. )<br>)<br>AGFINITY, INC. )<br>)<br>    *Defendant.* ) | CHAPTER 7<br>CASE NO. 18-13666-EEB<br><br><br><br><br>Adversary Proc. No. 20-_____ EEB |

## COMPLAINT

Joli A. Lofstedt, as Chapter 7 trustee ("*Trustee*") of the bankruptcy estate of Boulder Enterprises, LLC, by and through her counsel, Robinson, Waters and O'Dorisio, P.C., hereby files this complaint (the "*Complaint*") against Defendant AGFINITY, INC. ("*Agfinity*"), stating the following:

### PARTIES AND JURISDICTION

1. On April 30, 2018 (the "*Petition Date*"), Boulder Enterprises, LLC ("*Debtor*") filed a voluntary petition for protection under Chapter 11 of Title 11 of the United States Code.

2. Debtor's case converted to a case under Chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*") on December 4, 2018 (the "*Conversion Date*"). Thereafter, Trustee was appointed Chapter 7 Trustee of Debtor's bankruptcy estate and continues to serve as such.

3. Upon information and belief, Agfinity is a Colorado corporation with its principal offices located at 4065 St. Cloud Drive, STE 100, Loveland, CO 80538.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) (F) and (O).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. Pursuant to Fed.R.Bankr.P. 7008, Trustee consents to entry of final orders or judgment by the Court.

## GENERAL ALLEGATIONS

7. Debtor owned and operated a meat processing company in Denver, Colorado and was engaged in the packaging and production of primarily poultry products. A related entity, BeeBee Farms, LLC ("*BeeBee Farms*") raised the majority of the chickens processed by Debtor.

8. Debtor wrote a check to Agfinity within the 90-day period immediately prior to the Petition Date in the amount of $16,349.68 (the "*Pre-Petition Payments*").

## FIRST CLAIM FOR RELIEF
### (Preferential Transfers pursuant to 11 U.S.C. § 547(b))

9. Trustee re-alleges paragraphs 1 through 8 of this Complaint and incorporates them as if fully set forth herein.

10. The Pre-Petition Payment was a transfer of an interest of Debtor in property within the meaning of 11 U.S.C. §§ 101(54) and 547.

11. The Pre-Petition Payment was to or for the benefit of Agfinity.

12. The Pre-Petition Payment was for or on account of antecedent debt owed by Debtor to Agfinity before the Pre-Petition Payment was made.

13. The Pre-Petition Payment was made while Debtor was insolvent. Pursuant to 11 U.S.C. §547(f), Debtor is presumed to be insolvent during the 90 days immediately preceding the Petition Date.

14. The Pre-Petition Payment was made on or within the 90 days immediately preceding the Petition Date (the "*Preference Period*").

15. The Pre-Petition Payment enabled Agfinity to receive more than it would have received if the case were a case under Chapter 7 of this title, the Pre-Petition Payments had not been made, and Agfinity received payment of its debt to the extent provided by the provisions of title 11.

16. The Pre-Petition Payment is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

17. Trustee asserts that through discovery, it may become known that additional payments were made by Debtor to Agfinity during the Preference Period. Trustee asserts that all or a portion of such additional payments may be avoidable as preferential transfers under 11 U.S.C. § 547(b) and are included herein in the definition of "Pre-Petition Payment". To the extent necessary, Trustee reserves the right to amend this Complaint to include such additional payments.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfers pursuant to 11 U.S.C. § 548(a)(1)(B))

18. The Trustee re-alleges paragraphs 1 through 17 of this Complaint and incorporates them as if fully set forth herein.

19. Alternatively, upon information and belief, Debtor made the Pre-Petition Payment to Agfinity on account of an antecedent debt owed by BeeBee Farms.

20. To the extent Debtor made the Pre-Petition Payment to Agfinity on account of debt owed by BeeBee Farms, Debtor did not receive reasonably equivalent value in exchange for such payment.

21. Debtor was insolvent at the time the Pre-Petition Payment was made to Agfinity.

22. To the extent made on a debt owed by BeeBee Farms, the Pre-Petition Payment is avoidable as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

23. Trustee asserts that through discovery, it may become known that additional payments were made by Debtor to Agfinity on behalf of BeeBee Farms. Trustee asserts that all or a portion of such additional payments may be avoidable as fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) and are included herein in the definition of "Pre-Petition Payment". To the extent necessary, Trustee reserves the right to amend this Complaint to include such additional payments.

## THIRD CLAIM FOR RELIEF
### (Liability of Transferee pursuant to Bankruptcy Code § 550)

24. The Trustee re-alleges paragraphs 1 through 23 of this Complaint and incorporates them as if fully set forth herein.

25. Agfinity was the initial transferee of the Pre-Petition Payment.

26. Pursuant to Bankruptcy Code §550, Trustee is entitled to recover the amount of the Pre-Petition Payment from Agfinity.

## FOURTH CLAIM FOR RELIEF
### (Disallowance of Claims pursuant to 11 U.S.C. § 502(d))

27. Trustee re-alleges paragraphs 1 through 26 of this Complaint and incorporates them as if fully set forth herein.

28. Bankruptcy Code § 502(d) provides:

> the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547, 548, 549 . . . of this title, unless

such entity or transferee has paid the amount, or turned over such property.

29. In this proceeding, Trustee is requesting that the Court disallow all claims held by Agfinity against the estate pursuant to 11 U.S.C. § 502(d) if Agfinity is holding any Pre-Petition Payment avoidable and recoverable under 11 U.S.C. §§ 547, 548, and/or 550. In this proceeding, Trustee is not objecting to the allowance of any claim held by Agfinity on any other ground, and expressly reserves the right to object to Agfinity's claim, if any, on any other ground by filing an objection in the main bankruptcy case.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Trustee prays that the Court enter an Order:

(a) declaring the Pre-Petition Payment to Agfinity avoidable by Trustee as a preferential transfer pursuant to 11 U.S.C. §547(b);

(b) alternatively, declaring the Pre-Petition Payment to Agfinity avoidable by Trustee as fraudulent transfers pursuant to 11 U.S.C. §548(a)(1)(B);

(c) entering judgment in favor of Trustee and against Agfinity in an amount equal to the Pre-Petition Payment(s) avoided under 11 U.S.C. §547 or 548;

(d) disallowing any claim held by Agfinity to the extent Agfinity is holding a Pre-Petition Payment recoverable by Trustee;

(e) awarding costs; and

(f) granting such other and further relief as the Court deems just and proper.

Dated: April 28, 2020.

Respectfully submitted,

Robinson, Waters and O'Dorisio, P.C.

*/s/ Joel Laufer*
Joel Laufer, Reg. No. 7728
Attorneys for the Trustee
1099 18th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 824-3152
Facsimile: (303) 297-2750
jlaufer@rwolaw.com